## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## AT LONDON

| | | |
|---|---|---|
| **CALVIN C. CALDWELL, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | **Civil Action No. 6:14-225-DLB** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **USA, *et al.*,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondents.** | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Calvin C. Caldwell, Jr. is an inmate confined by the Ohio Department of Rehabilitation and Correction ("ODRC") in the Mansfield Correctional Institution which is located in Mansfield, Ohio.[1]  Proceeding without counsel, Caldwell has filed a petition for writ of mandamus pursuant to 28 U.S.C. §§ 1361, 1651.  [R. 1]  Caldwell complains about the status of his pending state court criminal proceeding, and asks this Court to enter an order directing the Kentucky State Police ("KSP") to return $2,200.00 in currency which it allegedly seized from him on February 11, 2013.

Caldwell has named three respondents to this action: (1) the United States of America; (2) Terry Beckner, whom Caldwell identifies as an official of the Laurel County Commonwealth's Attorney's Office in London, Kentucky; and (3) Jackie Steele, whom Caldwell identifies as an official in the Laurel County Commonwealth's Attorney's Office in London, Kentucky.  Caldwell has previously been granted *in forma pauperis* status in this proceeding.  [R. 9]

---

[1]  Caldwell's ODRC inmate number is 625-525.

The Court conducts a preliminary review of Caldwell's mandamus petition because he asserts claims against government officials, and because he has been granted *in forma pauperis* status in this action.  28 U.S.C. §§ 1915(e)(2); 1915A.  In such cases, a district court must dismiss any action which (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *Id.*

Because Caldwell is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  For the reasons set forth below, however, the Court will dismiss Caldwell's mandamus petition without prejudice based on federal abstention principles.

## ALLEGATIONS OF THE PETITION

On June 21, 2013, Caldwell, along with another defendant, was indicted in the Laurel County Circuit Court and charged with Trafficking in a Controlled Substance in the First Degree, as well as two counts of being a Persistent Felony Offender. *Commonwealth of Kentucky vs. Burk W. Webb, Jr., and Calvin C. Caldwell*, Jr., No. 13-CR-111-002 (Division I) ("the State Court Criminal Case").  The publicly available indictment alleges that the trafficking offense occurred on February 11, 2013, in Laurel County, Kentucky.

In his mandamus petition, Caldwell alleges that the KSP improperly seized $2,200.00 from him when he was arrested on February 11, 2013; that he hired a local attorney, Kenneth A. Sizemore of London, Kentucky, to represent him to recover the

seized funds; that as a result of the State Court Criminal Case, Kentucky officials placed a detainer on him and served it on the Warden of the Mansfield Correctional Institution; and that Kenneth Sizemore failed to recover the funds seized by the KSP.  Caldwell seeks an order from this Court directing the respondents to return to him the $2,200.00 which the KSP seized from him.

## DISCUSSION

The publicly available docket sheet of the State Court Criminal Case reflects that numerous events have transpired in that proceeding, but that as of November 20, 2015, the State Court Criminal Case is still pending against Caldwell in the Laurel County Circuit Court.  As for Caldwell's current allegation that nothing is being done in that case to cause his seized money to be returned to him, the docket sheet of the State Court Criminal Case reveals that on July 27, 2015, Caldwell filed a *pro se* motion requesting the return of the seized $2,200.00; that on August 11, 2015, the Laurel County Circuit Court denied Caldwell's motion; and that a status hearing is scheduled for approximately eleven months from now, on October 24, 2016.  The August 11, 2015, Order explains the status of both the criminal charges against Caldwell, and the status of his request for the refund of the seized $2,200.00 in currency.[2]  The August 11, 2015, Order states:

### ORDER OVERRULING MOTION TO
### RETURN SEIZED FUNDS

\*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Motion To Return Seized Funds filed by the Defendant, Calvin C. Caldwell, Jr.

---

[2]  Caldwell alleges that the State Court Criminal Case was dismissed on May 17, 2013, *see* R. 1. p. 5, but the docket sheet reveals that the Laurel County Grand Jury indicted Burk and Caldwell on June 21, 2013. The August 11, 2015, summarizes the current status of the criminal charges pending against Caldwell.

3

The Defendant alleges that upon his arrest $2,200.00 was "seized" by the Kentucky State Police.  The Court will note from the record that the above Indictment has been dismissed administratively because the Defendant is currently a fugitive.  However, as the Court's Order of October 29, 2013, clearly reflects, the warrant of arrest for Defendant on this Indictment is still active.  Moreover, upon the Defendant's arrest, the Indictment may be re-instated by motion of the Commonwealth.  **When this Indictment is re-instated upon Defendant's return to the Commonwealth, then the ultimate disposition of the case will determine whether or not a forfeiture order will be entered pertaining to Defendant's cash.  Until that time, however, the Kentucky State Police will continue to hold the cash as evidence pending final disposition.**

[Order of 8/11/15 in the State Court Criminal Case (emphasis added)]

Thus, if the June 21, 2013 Indictment issued in the State Court Criminal Case is reinstated (as the Laurel County Circuit Judge Gregory A. Lay indicates that it likely will be) Caldwell will in fact face further prosecution upon his return to the Commonwealth of Kentucky after he completes service of his current ODRC sentence.  The Laurel County Circuit Court clearly explained in its August 11, 2015 order that it retains authority to render any and all future decisions relating to the disposition of the $2,200.00 in currency seized from Caldwell on February 11, 2013.  Thus, any and all issues relating to those funds have been, **and will remain**, within the exclusive jurisdiction of the Laurel Circuit Court.  In this mandamus proceeding, Caldwell effectively asks this Court, a federal district court, to intervene in the State Court Criminal Case, override the Laurel County Circuit Court's authority and/or micro-manage his criminal proceeding, and direct the KSP to return his money to him.

Based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), Caldwell cannot obtain such relief from the named

4

respondents in this mandamus proceeding.  Under the *Younger* doctrine, a federal court must decline to interfere with pending state proceedings that involve important state interests unless extraordinary circumstances are present.  *Younger*, 401 U.S. at 44-45. "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

All three factors that support abstention under *Younger* are present in this case. First, the State Court Criminal Case is currently pending in a Kentucky state court, which includes the future disposition of the seized $2,200.00 in currency.  Second, the State Court Criminal Case implicates an important state interest--a criminal prosecution--an area in which federal courts traditionally decline to interfere.  *See Younger*, 401 U.S. at 43–45; *Leveye v. Metropolitan Public Defender's Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (holding that state court criminal proceedings traditionally implicate an important state interest) (citing *Younger*, 401 U.S. at 43–45).  Third, no evidence exists that the State Court Criminal Case, or any appeal that Caldwell could take therefrom, would not provide an opportunity for Caldwell to raise his claims relating to his seized money.

*Younger* abstention is not a question of jurisdiction, but is rather based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626, 106 S. Ct. 2718, 91 L.Ed.2d 512

5

(1986).  That logic clearly applies in this case:  if this Court were to entertain Caldwell's mandamus petition, in which he asks this Court to order the KSP to return money seized in connection his criminal arrest, it would be impermissibly interfering with the State Court Criminal Case currently pending in the Laurel Circuit Court, as well as the Order entered therein on August 11, 2015.  The Court declines to do so.  *See Carroll*, 139 F.3d at 1074-75 ("When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case."); *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006); *see also Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006); *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 68-42 (6th Cir. 1990).

Abstention is thus appropriate in this case with respect to Caldwell's claims seeking mandamus/injunctive relief.  *See Carroll*, 139 F.3d at 1075 (holding that *Younger* abstention may be applied where the plaintiff seeks both declaratory relief and damages).  A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance.  *Coles*, 448 F.3d at 866 (citing *Carroll*, 139 F.3d at 1075).  The Court elects to dismiss this proceeding without prejudice instead of holding it abeyance.

Finally, the Court observes that the two mandamus statutes which Caldwell cites provide no authority or support for the relief which he seeks.  Although "[t]he district courts ... have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed

to the plaintiff," 28 U.S.C. 1361, the Supreme Court has explained that mandamus relief is a drastic remedy to be provided only in extraordinary circumstances. *See Kerr v. United States*, 426 U.S. 394, 402 (1976). Specifically, mandamus relief is appropriate only if the petitioner shows that his right to relief is "clear and indisputable," and that there exists "no other adequate means to attain the relief he desires." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). Caldwell makes no such showing in this case, given the fact that the *Younger* abstention doctrine bars his claims. Additionally, 28 U.S.C. § 1651, the All Writs Act, another statute upon which Caldwell relies, provides as follows:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

However, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (quoting *Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)) (internal quotation marks omitted).

Caldwell has gratuitously (and/or cleverly) added the "USA" as a respondent to this action, perhaps in an effort to invoke the provisions of 28 U.S.C. §§ 1361, 1651. But the fact remains that Caldwell was indicted in a Kentucky circuit court, not a federal district court, and thus no "officer or employee of the United States" is involved in his criminal proceeding, and therefore, neither statute provides a basis for his claims. As

explained, Caldwell must pursue any claims regarding his criminal prosecution and/or the funds seized from him in connection with that criminal prosecution in the State Court Criminal Case.  If dissatisfied there, Caldwell may file an appeal within the Kentucky state court system.  Thus, the Court will dismiss Caldwell's mandamus petition without prejudice to his right to assert his claims, if warranted, when State Court Criminal Case, and any appeal therefrom, has concluded.

## CONCLUSION

Accordingly, the Court being duly advised, **IT IS ORDERED** as follows:

1.      The petition for writ of mandamus [R. 1] which Calvin C. Caldwell, Jr. has filed under 28 U.S.C. §§ 1361, 1651 is **DISMISSED WITHOUT PREJUDICE**;

2.      The Court will enter an appropriate Judgment; and

3.      This proceeding is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 23rd day of November, 2015.



Signed By:
*David L. Bunning*   *DB*
United States District Judge

G:DATA\ORDERS\ProSe\14-225 Order Dismissing Petition for Writ of Mandamus

8